09-1832-cv
HiFi DNA Tech LLC v. United States Dept. of Health & Human Svcs

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of December, two thousand nine.

Present:
> ROBERT A. KATZMANN,
> JOSEPH M. McLAUGHLIN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

HIFI DNA TECH LLC,

> *Plaintiff-Appellant,*

> v.                                        No. 09-1832-cv

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES FOOD & DRUG ADMINISTRATION, KATHLEEN SEBELIUS, SEC. OF U.S. HEALTH AND SVCS., MARGARET HAMBURG, COMM. OF U.S. FOOD & DRUG ADMIN.,

*Defendants-Appellees.*

---

For Plaintiff-Appellant:   ANTHONY J. MUSTO, Fairfield, CT

For Defendants-Appellees:   DRAKE CUTINI, Office of Consumer Litigation, U.S. Department of Justice (Tony West, Ann M. Ravel, Eugene M. Thirolf, Lauren H. Bell, U.S. Department of Justice, David Cade, Michael M. Landa, Eric M. Blumberg, Claudia J. Zuckerman, U.S. Department of Health and Human Services, *of counsel*), Washington, DC

Appeal from the United States District Court for the District of Connecticut (Covello, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant HiFi DNA Tech LLC ("HiFi") appeals from the decision of the district court granting Defendants-Appellees' motion for judgment on the pleadings. We assume the parties' familiarity with the facts and procedural history of the case.

HiFi argues that the district court erred by not allowing HiFi to introduce evidence outside of the administrative record and by concluding that the Food and Drug Administration ("FDA") had not acted arbitrarily and capriciously in denying HiFi's petition to reclassify its medical device. HiFi's argument fails on both counts.

As an initial matter, HiFi has waived its argument that the district court erred by not allowing HiFi to introduce evidence outside of the administrative record because HiFi never requested to do so in the district court. *See Paese v. Hartford Life Accident Ins. Co.*, 449 F.3d 435, 446-47 (2d Cir. 2006) (holding that this Court will not generally consider an issue that was not raised before the district court, particularly when that issue is a factual one). Even if HiFi had

raised this argument, the district court would not have abused its discretion in rejecting it. *See*

*Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997) ("Generally, a court reviewing an

agency decision is confined to the administrative record compiled by that agency when it made

the decision."). Record supplementation is only appropriate in certain circumstances, such as

where there is bad faith or improper behavior on the part of agency decisionmakers. *Id*. Here,

HiFi does not allege facts that would support a finding of bad faith or improper behavior.

HiFi's argument on the merits also fails. The FDA's denial of HiFi's petition is reviewed

under the Administrative Procedures Act, which requires the court to hold unlawful and set aside

agency actions that it finds to be "arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law." 5 U.S.C. § 706(2)(A). The court's review of a scientific determination is

particularly deferential. *Envtl. Def. v. U.S. EPA*, 369 F.3d 193, 204 (2d Cir. 2004). HiFi argues

principally that the FDA acted arbitrarily and capriciously by reviewing HiFi's device as a

cancer-detection device instead of a virus-detection device. Based on the intended uses for the

device as defined by HiFi in their application to the FDA, however, the FDA reasonably

determined that the device was meant to inform a clinician's medical assessment of a woman's

risk of developing cervical cancer and therefore reasonably evaluated the device with respect to

that use. HiFi also argues that the FDA arbitrarily and capriciously denied its petition because its

device, when combined with DNA sequencing, outperformed the FDA's currently approved

device because it detected more cases of the virus. But, as defendants-appellees point out, there

is no basis for assuming that HiFi's device's results were correct and the other device's results

were not.

We have considered the remainder of HiFi's arguments that the FDA acted arbitrarily and

capriciously and conclude that they lack merit.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby

**AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____
